MARIA S. BUTLER v. J. B. COOPER *et al*.

No. 61.

1. EVIDENCE—*Improper Cross-Examination.* In the cross-examination of a witness the party must confine the examination to facts and circumstances connected with the matters stated in his direct examination, and a witness cannot be cross-examined upon collateral or irrelevant matters for the purpose of afterward disproving his statements by other evidence to discredit his testimony.

2. ———— *Ex Parte Statements.* It is error for the court to permit a witness to detail in evidence a conversation between himself and another person not a party to the suit and not in the presence of the person against whose interest the statements were made.

MEMORANDUM.— Error from Montgomery district court; J. D. McCUE, judge. Action in replevin by Maria S. Butler against J. B. Cooper and M. L. Conley. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein, filed December 4, 1895, states the material facts.

*Joseph Chandler*, for plaintiff in error.

*T. H. Stanford*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This was an action in replevin to recover possession of two horses, one two-horse buggy, and one set of double buggy harness, all of the value of $325, commenced by Maria S. Butler against J. B. Cooper and M. L. Conley in the district court of Montgomery county. The petition of the plaintiff alleged that she was the owner of the property and entitled to the immediate possession of the same, and that it was wrongfully detained from her by defendants. Upon filing the necessary affidavit and executing an undertaking in replevin, an order of delivery

was issued, and the property taken under the order of delivery and delivered to the plaintiff. The defendant M. L. Conley filed his separate answer, disclaiming any interest in the property, and denying that he detained the property or that he ever had it in his possession. The defendant J. B. Cooper filed his separate answer, containing a general denial of the allegations in the petition of the plaintiff, except as to the value of the property and that he refused to deliver the possession of the property to the plaintiff; there was a second defense by way of affirmative relief set up by this defendant, to which it is unnecessary to refer in this case, as there was no evidence tending to prove the same and no finding made thereon.

The case was tried before the court and jury on these issues, and resulted in a verdict finding that the defendants did not wrongfully detain the horses described in plaintiff's petition, that the defendants' interest in said horses was $159.24, and that at the commencement of the action the plaintiff was the owner of the buggy and harness described in her petition, and entitled to the immediate possession of the same, and that the same were wrongfully detained from her by the defendants. Thereupon the court rendered judgment against the plaintiff for the return of the horses to the defendants, or, in case a return could not be had, that the said defendants have and recover judgment against her for the sum of $159.24, the value of defendants' interest, and all the costs of said suit. To the verdict and judgment the plaintiff below excepted, and brings the matter to this court for review.

On the trial of the case, Cooper sought to justify his possession of the property by virtue of a certain execution issued out of the court of a justice of the peace

in Montgomery county, Kansas, and directed to him as constable, in a case wherein T. H. Stanford was plaintiff and William Butler, the husband of the plaintiff, was defendant, by virtue of which he seized the property and holds it for the satisfaction of such execution. During the trial of the case, William Butler was sworn and examined as a witness on behalf of the plaintiff so far as he acted as her agent in making demand of the defendants for the possession of the property after it had been taken under execution, and the bringing of said suit. On the cross-examination of this witness, the defendants sought to prove by him a certain conversation had between him and one T. H. Stanford, at Tyro, Montgomery county, in relation to what this witness had stated to Stanford in relation to his property. This evidence was objected to by the plaintiff, for the reason that it was incompetent and not proper cross-examination of the witness, and that the plaintiff was not bound by any statement made in relation to it. The court overruled the objection and directed the witness to answer the question and to give evidence in relation to such conversation. The plaintiff excepted to the ruling, and the witness answered the several questions propounded to him in relation to such conversation, and afterward, when the plaintiff had offered all her evidence and rested her case and the defendants were introducing their evidence, they called Stanford, and he was sworn and examined as a witness for the defense, and in his examination counsel for the defense sought to prove by him the statements made by William Butler at Tyro, Montgomery county, in relation to his property. The plaintiff objected to the introduction in evidence of the statements of said William Butler not made in her presence, as the same were not com-

petent and could not bind her. The court overruled the objection, for the reason that the evidence was proper and for the purpose of affecting the credibility of the witness William Butler. The evidence disclosed the fact that Stanford was an attorney practicing his profession in Montgomery county, Kansas; that William Butler was then being prosecuted for bringing southern cattle into Kansas, and Stanford was employed as his attorney to defend him against the charge; and that the conversation between Butler and Stanford at Tyro, Montgomery county, was in relation to the ability of Butler to pay Stanford for his services in the defense of such charge.

We think the court erred in permitting the defendants to give in evidence on the cross-examination of plaintiff's witness what statements he had made in relation to his property, while he had not testified in his examination in chief anything in relation to the ownership of the plaintiff to his property or to any other property. He had only testified as to the demand made on the defendants for the possession of this property and as to the bringing of this suit. This evidence was not permissible in the cross-examination of the witness.

In the case of *P. & T. Rld. Co. v. Stimpson*, 14 Pet. 461, Story, J., delivering the opinion of the court, says: "That a party has no right to cross-examine any witness, except as to facts and circumstances connected with the matter stated in his direct examination." This is the well-established rule in the cross-examination of witnesses. The court also erred in permitting the defendants to give in evidence the conversation between Butler and Stanford at Tyro, Montgomery county, Kansas. It is a well-settled rule that a witness cannot be cross-examined as to facts

which are incompetent, collateral or irrelevant to the issue merely for the purpose of contradicting him by other evidence. When a party, on the cross-examination of a witness, puts questions to him that are collateral or irrelevant to the issue, he makes the witness his own, and he has no right to contradict him by other testimony. The statements of the witness in answer to such questions are conclusive against him.

After the defendants had offered all of their evidence and rested their case, the plaintiff called William Butler in rebuttal, for the purpose of disproving the testimony of Stanford respecting the conversation between him and Stanford at Tyro, and put to him the necessary questions for that purpose. The defendants objected to the evidence and the court sustained the objection, and this is alleged as error. We think the error consisted in permitting the evidence of Stanford in the first place; that such error could not be cured by allowing the party merely to disprove what the witness had already testified to. It was not competent to allow an issue to be made between these two witnesses respecting an incompetent matter — about a conversation between Butler and his attorney while conversing about matters pertaining to the suit then pending in which Butler was defendant and Stanford was his attorney.

It is insisted by plaintiff that the court erred in instructions given to the jury. We have examined the instructions of the court, and do not think that, taken all together, they are subject to the criticism sought to be placed upon them. The instructions as a whole are fair, and give the jury the law as clearly and fairly as the evidence and circumstances of this case warrant.

For the errors pointed out in this opinion, the judg-

ment of the district court is reversed, and the case re-manded, with direction to set aside the verdict of the jury and grant a new trial.

All the Judges concurring.